[Cite as *State v. Parr*, **2014-Ohio-2169.**]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 2013CA0017 |
| JASON PARR | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Coshocton Municipal
Court, Case No. CRB 1300270

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      May 19, 2014

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

Assistant Law Director          JEFFREY G. KELLOGG
CHRISTIE M. L. THORNSLEY          Assistant Public Defender, Coshocton Cty.
760 Chestnut Street          239 North Fourth Street
Coshocton, OH 43812          Coshocton, OH 43812

*Hoffman, P.J.*

{¶1} Defendant-appellant Jason Parr appeals his conviction entered by the Coshocton Municipal Court on one count of aggravated menacing, in violation of R.C. 2903.1(A). Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶2} On May 6, 2013, Appellant's father, Mark Parr, advised the Coshocton County Sheriff's Office Appellant had made threats to Rhonda Kirchner, Mark Parr's girlfriend. Specifically, Appellant threatened to knock Kirchner down and "beat her skull in." Ms. Kirchner completed a written statement accounting for Appellant's statements, indicating Appellant called her at work stating he had just gotten out of jail for beating up someone and he would do the same to her. Ms. Kirchner stated she was afraid to go home and felt safer at work. She also stated she was afraid of Appellant when he did not take his medication. Mark Parr indicated to the investigating officers Appellant was not currently on his medication.

{¶3} On June 26, 2013, the matter proceeded to a bench trial. The trial court found Appellant guilty of the charge. The trial court proceeded to sentence Appellant to 180 days in the Coshocton County Jail.

{¶4} Appellant appeals, assigning as error:

{¶5} "I. THE TRIAL COURT ERRED BECAUSE THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT SUPPORT THE APPELLANT'S CONVICTION."

{¶6} Appellant maintains his conviction is against the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the

evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered'." *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶7} Appellant was convicted of aggravated menacing, in violation of R.C. 2903.21(A), which reads,

{¶8} "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶9} Appellant submits his conviction is against the manifest weight of the evidence as he testified at trial he did not threaten Ms. Kirchner, and he would never threaten a woman. He further testified why Kirchner would lie and falsely claim Appellant threatened her.

{¶10} Only two witnesses testified at trial, Appellant and the alleged victim, Kirchner. They testified in direct opposition to one another.

{¶11} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries,* 5th Dist. No. CA–5758, 1982 WL 2911 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going

to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction,* 54 Ohio St.2d 279, 376 N.E.2d 578(1978). The Ohio Supreme Court has emphasized: " '[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *.' " *Eastley v. Volkman,* 132 Ohio St.3d 328, 334, 972 N.E.2d 517, 2012–Ohio–2179, *quoting Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191–192 (1978). Furthermore, it is well established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., *In re Brown,* 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass,* 10 Ohio St .2d 230, 227 N.E.2d 212(1967).

{¶12} The trial court was in the best position to weigh the truthfulness and credibility of the two witnesses.  We do not find Appellant's conviction is against the manifest weight of the evidence.  Appellant's sole assignment of error is overruled.

{¶13} Appellant's conviction on one count of aggravated menacing in the Coshocton Municipal Court is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Delaney, J. concur